962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis P. WEIL; Beatrice Weil, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70022.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, CAULFIELD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Louis Weil claims the Tax Court erred in determining that Weil's tax underpayments for the tax years 1971, 1972 and 1973 were due to fraud and adding fifty percent of the underpayments to the amount owed as a penalty, pursuant to the applicable version of 26 U.S.C. § 6653(b).
 
 
 4
 We review the Tax Court's finding of fraud for clear error, reversing only if we are left with the definite and firm conviction there is no clear and convincing evidence of fraud. Bradford v. CIR, 796 F.2d 303, 307 (9th Cir.1986). For the purposes of section 6653's fifty percent penalty, "fraud is intentional wrongdoing on the part of the taxpayer with the specific intent to avoid a tax known to be owing. The Commissioner must prove fraud by clear and convincing evidence, but intent can be inferred from strong circumstantial evidence." Id. (internal citations and quotation marks omitted).
 
 
 5
 "Badges of fraud"--circumstantial evidence that can be used to prove fraud--include: "1) understatement of income; 2) inadequate records; 3) failure to file tax returns; 4) implausible or inconsistent explanations of behavior; 5) concealment of assets; 6) failure to cooperate with tax authorities; and 7) lack of credibility of the taxpayer's testimony." Laurins v. CIR, 889 F.2d 910, 913 (9th Cir.1989). Sophistication in business and tax matters may also lend support to an inference of intent to defraud. See id.; Edelson v. CIR, 829 F.2d 828, 832 (9th Cir.1987).
 
 
 6
 While Weil claims that "in the majority of instances" the income he earned was reported on the tax returns of business entities he owned, Blue Brief at 28, he concedes, as he must, that his income was underreported. Consistent and substantial understatement of income is in and of itself evidence of fraud. Laurins, 889 F.2d at 913.
 
 
 7
 The fact that much of Weil's income came from illegal activities also supports a finding of fraud. Bradford, 796 F.2d at 308. Despite Weil's claims to the contrary, there is clear and convincing evidence to support the Tax Court's finding that he received large sums of money as illegal "kickbacks" while he instructed various employees to record the payments as money earned for legitimate services rendered. For example, Sid Hersh's testimony, admitted as Exhibit DW, was that although Western Lithograph, a company that had contracted with Weil's employer to print a coupon booklet, issued several checks in large amounts to Weil's "shell" companies for services rendered, his companies never performed those or any other services. The payments, issued on Weil's instructions, were made so that Western Lithograph could "continue the printing" of the coupon booklet. The Tax Court properly characterized the payments as illegal kickbacks, given that Hersh testified that Western Lithograph got the money by overbilling Weil's employer.
 
 
 8
 Weil lied about the source of this income when questioned by the postal authorities, characterizing the payments as "commissions" for bringing in new business. The evidence showed Weil knew neither he nor his shell companies had earned the money by performing legitimate services.
 
 
 9
 Further, Weil was a sophisticated businessman who set up several of his own corporations, including a holding company, and was president of an important subsidiary of a large, publicly held corporation. His claim that he did not "have much expertise or sophistication in financial matters," Blue Brief at 30, is disingenuous at best.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Barbara A. Caulfield, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3